**22-282-cv**
*RSD Leasing, Inc. v. Navistar Int'l Corp.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2022

Argued: June 28, 2023
Question Certified: August 30, 2023
Certified Question Answered: June 7, 2024
Decided: July 2, 2024

Docket No. 22-282-cv

RSD LEASING, INC.,

*Plaintiff-Appellant,*

— v. —

NAVISTAR INTERNATIONAL CORP., NAVISTAR, INC.,

*Defendants-Appellees.*

Before:

LYNCH, LOHIER, and BIANCO, *Circuit Judges.*

Plaintiff-Appellant RSD Leasing Inc. ("RSD"), a company that leases and,

eventually, resells trucks to other commercial entities, appeals from a decision by the District Court for the District of Vermont (Crawford, *Ch. J.*) granting in relevant part summary judgment to Defendants-Appellees Navistar International Corp. and Navistar, Inc., the manufacturer of several allegedly substandard trucks in RSD's fleet. The sole question we are asked to resolve on appeal is whether, for purposes of its purchase of those trucks, RSD qualifies as a "consumer" under the Vermont Consumer Protection Act (the "VCPA" or the "Act") and therefore is eligible to invoke the Act's protections. Given the dearth of on-point Vermont caselaw, we certified the following question to the Vermont Supreme Court: Does a business that purchases goods intending first to lease those goods to end users and then to resell them at the termination of the lease term qualify as a "consumer" under the VCPA? The Vermont Supreme Court having answered the certified question in the negative, we hold that RSD is not a "consumer" under the VCPA and **AFFIRM** the district court's judgment accordingly.

---

MICHAEL F. HANLEY (Paul J. Perkins, *on the brief*), Plante & Hanley, P.C., White River Junction, VT, *for Plaintiff-Appellant*.

JEFFREY S. PATTERSON, Hartline Barger LLP, Dallas, TX (Angela S. Gordon, Jacob L. Ramsey, Luke C. Spencer, Hartline Barger LLP, Dallas, TX; Richard J. Windish, Doreen F. Connor, Primmer Piper Eggleston & Cramer PC, Woodstock, VT; *on the brief*), *for Defendants-Appellees*.

---

PER CURIAM:

This case returns to us following our receipt from the Vermont Supreme Court of an answer to a certified question. In September 2015, Plaintiff-Appellant

2

RSD Leasing Inc. ("RSD"), a company that leases trucks to other commercial entities intending to resell them at the end of the lease term, sued Defendants-Appellees Navistar International Corp. and Navistar, Inc. (together, "Navistar"), the manufacturer of 40 trucks (the "Subject Trucks") that RSD purchased for its fleet from a non-party dealer. The dispute between the parties centers on RSD's dissatisfaction with the proprietary exhaust gas recirculation technology installed in the Subject Trucks, which RSD claims did not perform as promised. RSD originally asserted six claims, including a violation of the Vermont Consumer Protection Act (the "VCPA" or the "Act"), and Navistar eventually moved for partial summary judgment which, in relevant part, sought dismissal of the VCPA claim.

In December 2021, the United States District Court for the District of Vermont (Geoffrey W. Crawford, *Ch. J.*) granted summary judgment to Navistar on the VCPA claim, concluding that RSD was not a "consumer" under the VCPA in its purchase of trucks to lease to customers and then eventually resale. *RSD Leasing, Inc. v. Navistar Int'l Corp.*, No. 5:15-CV-205, 2021 WL 6802994, at *2–3 (D. Vt. Dec. 8, 2021). Although RSD had initially brought several claims, RSD

3

dismissed all claims except for the VCPA claim so that it could immediately seek review of the district court's ruling.

As explained more fully in our prior opinion, *see RSD Leasing, Inc. v. Navistar Int'l Corp.*, 81 F.4th 153 (2d Cir. 2023) ("*RSD Leasing I*"), familiarity with which we assume, this case requires us to determine only whether RSD qualifies as a "consumer" under the VCPA. The VCPA protects individuals and businesses so long as they are "consumer[s]," and defines a "consumer" in relevant part as "a person who purchases . . . goods or services not for resale in the ordinary course of the person's trade or business but for the use or benefit of the person's business or in connection with the operation of the person's business." 9 V.S.A. § 2451a(1). After extensive briefing and oral argument, we concluded that this appeal raised a significant and unresolved issue of Vermont law that is determinative of this appeal: Does a business that purchases goods intending first to lease those goods to end users and then to resell them at the termination of the lease term qualify as a "consumer" under the VCPA?

Given the lack of on-point Vermont authority, we certified this question to the Vermont Supreme Court. *RSD Leasing I*, 81 F.4th 153. The Vermont Supreme Court accepted certification, and on June 7, 2024, answered the question in the

4

negative. *RSD Leasing, Inc. v. Navistar Int'l Corp.*, --- A.3d -----, 2024 WL 2873280 (Vt. June 7, 2024). Specifically, the court held that even assuming that "the lease of purchased goods may constitute use, benefit, or operation within the meaning of the statute[,]...... the facts here demonstrate that [RSD] purchased the goods for resale in the ordinary course of its business and is therefore excluded from the definition of consumer" under the VCPA. *Id.* at *3 (¶ 11). The court elaborated that whether the "resale exclusionary clause" of the "consumer" definition applies in any case "will depend on several factors, including the business's intent upon purchase, the certainty that resale will occur at a given time, and whether the resale of the specific goods is central to the purchaser's business model." *Id.* at *4 (¶ 15). Because RSD's intent at the time of purchase was to lease the trucks for "four-to-six-year terms and then resell them," "[r]esale was not a mere possibility; it was a central feature of plaintiff's business model that the trucks would be resold upon termination of the lease." *Id.* at *3 (¶ 13). Therefore, the Vermont Supreme Court concluded that RSD is not a "consumer" under the VCPA and thus cannot recover damages through a private action under the Act. *See id.* at *4 (¶ 15).

We thank the Vermont Supreme Court for its assistance in resolving this unsettled question of Vermont law. Because the answer to the certified question is determinative of this appeal, we **AFFIRM** the district court's judgment.